**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
JEFFREY A. PAYNE, Cal. Bar No. 279034
  jpayne@jassyvick.com
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Telephone:    310-870-7048
Facsimile:    310-870-7010

Attorneys for Plaintiff
Benito Antonio Martinez Ocasio p/k/a
Bad Bunny

## UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| BENITO ANTONIO MARTINEZ OCASIO p/k/a Bad Bunny,<br><br>Plaintiff,<br><br>v.<br><br>ERIC GUILLERMO MADRONAL GARRONE, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | **Case No. 3:24-cv-1442**<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) VIOLATION OF ANTI-BOOTLEGGING STATUTE, 17 U.S.C. § 1101**<br><br>**(3) FALSE ENDORSEMENT**<br><br>**REQUEST FOR JURY TRIAL** |

Plaintiff Benito Antonio Martinez Ocasio, p/k/a Bad Bunny, brings this Complaint against Defendant Eric Guillermo Madronal Garrone and Does 1–25 and alleges as follows:

### NATURE OF ACTION

1.      This is an action for copyright infringement under 17 U.S.C. § 501, violation of the anti-bootlegging provisions in 17 U.S.C. § 1101, and false endorsement under the Lanham Act, 15 U.S.C. § 1125, resulting from Defendant Eric Guillermo Madronal Garrone's unauthorized recordings of a live Bad Bunny musical performance and publicly posting those videos online on Garrone's YouTube channel, YouTube.com/MADforliveMUSIC.

-1-

**JURISDICTION**

2.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights and trademarks), and 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act).

**VENUE AND DIVISIONAL ASSIGNMENT**

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) because Garrone agreed to submit to the judicial district where YouTube is located, i.e., in San Mateo County. *See* Exhibit B attached hereto. Venue is also proper in this district under 28 U.S.C. § 1391(c)(3) because, on information and belief, Garrone resides in Spain.

4.      Assignment to the San Francisco or Oakland Division is appropriate under Civil L.R. 3-2(c)–(d) because Garrone has agreed to submit to venue in San Mateo County.

**PARTIES**

5.      Benito Antonio Martinez Ocasio, known professionally by his stage name "Bad Bunny," is a hugely popular Puerto Rican rapper, producer, performer, and songwriter. Ocasio enjoys a vast global fan base, with 47.6 million subscribers to his official YouTube channel alone. Among many other accolades, Ocasio has been awarded three Grammy Awards and eleven Latin Grammy Awards; performed at the Superbowl LIV halftime show in 2020; was named by Time magazine as one of the 100 most influential people in the world on their annual list in 2021; and was Spotify's most streamed artist of the year in 2020, 2021, and 2022, and second most streamed in 2023. As of the end of 2023, Bad Bunny's 2022 album *Un Verano Sin Ti* was the most streamed album ever, with more than 14 billion streams.

6.      Defendant Eric Guillermo Madronal Garrone is an individual who resides in Madrid, Spain. Garrone is the founder and owner of the YouTube channel MADforliveMUSIC, available online at https://www.youtube.com/@MADforliveMUSIC. As is relevant herein, the videos available on the MADforliveMUSIC YouTube channel were recorded and posted by Garrone, potentially in concert with the Doe Defendants.

7.      The true names or capacities, whether individual, corporate, or otherwise, of the defendants named herein as Does 1 through 25, inclusive, are unknown to Ocasio, who therefore

-2-

sues those defendants by those fictitious names. Ocasio reserves the right to ask leave of court to amend this complaint and insert the true names and capacities of those defendants when they have been ascertained.

8.      Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated herein as a "Doe" is legally responsible in some manner for the events herein alleged, and that Plaintiff's harm and damages as alleged herein were proximately caused by those defendants.

## GENERAL ALLEGATIONS

**A.      BAD BUNNY Trademark**

9.      Since as early as 2016, Ocasio has used the stage name Bad Bunny to identify himself in the music and entertainment industry and to distinguish himself from other professional musical performers. In 2021, Ocasio filed an application with the U.S. Patent and Trademark Office to register his BAD BUNNY trademark in International Class 41 for use in connection with entertainment services by a musical artist, songwriter, and producer, namely, musical compositions, production of musical sound recordings, and live and filmed performances. Ocasio's application matured to registration on December 19, 2023, and was assigned U.S. Registration No. 7,245,510 (the "**Bad Bunny Registration**").

10.      Among many other uses, Ocasio uses the BAD BUNNY mark to identify, advertise, and promote the official Bad Bunny YouTube channel, available online at https://www.youtube.com/channel/UCmBA_wu8xGg1OfOkfW13Q0Q.

**B.      Ocasio's Copyrights in the Bad Bunny Works**

11.      Ocasio wrote the music and lyrics for each of the following musical compositions at issue in this case, each of which he registered with the U.S. Copyright Office (the "**Bad Bunny Works**"):

/ / /

/ / /

COMPLAINT

| Title | Registration Number(s) | Effective Registration Date |
|---|---|---|
| La Santa ft. Daddy Yankee | PA0002419487 | June 12, 2023 |
| Gracias Por Nada | PA0002442551 | November 14, 2023 |
| Yo Perreo Sola | PA0002419915 | May 30, 2023 |
| Me Porto Bonito | PA0002428535 | July 13, 2023 |
| Dakiti ft. Jhayco | PA0002404804 | March 13, 2023 |
|  | PA0002419909 | May 30, 2023 |
| Un X100to | PA0002427825 | August 9, 2023 |
| La Jumpa | PA0002419052 | June 9, 2023 |
| No Me Quiero Casar | PA0002444492 | November 29, 2023 |
| Safaera | PA0002424879 | June 30, 2023 |
| Efecto | PA0002360206 | June 23, 2022 |
|  | PA0002419080 | June 9, 2023 |

12.     Each of the Bad Bunny Works was registered with the Copyright Office prior to any of Defendants' acts that are alleged to infringe Ocasio's copyrights in those works.

13.     Each of the Bad Bunny Works is an expressive and creative work and, as such, is at the core of copyright's protective purposes.

**C.     Defendant Garrone's YouTube Posts and Infringing Activities**

14.     On or about February 21, 2024, Garrone (potentially in concert with the Doe Defendants) recorded multiple videos of a live Bad Bunny performance at the Delta Center in Salt Lake City, Utah. Neither Ocasio nor any person or entity acting on his behalf authorized or consented to the creation of these recordings (the "**Unauthorized Bootlegs**").

15.     Each of the Unauthorized Bootlegs incorporates all or substantially all of one or more of the Bad Bunny Works, and thus contains sounds and images of Ocasio's live musical performances of those works.

16.     Sometime after the live Bad Bunny performance on February 21, 2024, Garrone (potentially in concert with the Doe Defendants) posted the Unauthorized Bootlegs to the MADforliveMUSIC YouTube Channel at the following URLs:

/ / /

/ / /

COMPLAINT

| URL | Incorporated Bad Bunny Work |
|---|---|
| http://www.youtube.com/watch?v=Aam60DLYnIg | La Santa |
| http://www.youtube.com/watch?v=QsY9nmsTFos | Gracias Por Nada |
| http://www.youtube.com/watch?v=Wz-oRt7kw5s | Yo Perreo Sola |
| http://www.youtube.com/watch?v=XJTi91J6kOo | Me Porto Bonito |
| http://www.youtube.com/watch?v=by01qZhTCDg | Dakiti |
| http://www.youtube.com/watch?v=cOdV1gqxbL8 | Un X100to |
| http://www.youtube.com/watch?v=d8sg9LxQzGs | La Jumpa |
| http://www.youtube.com/watch?v=n9S6e8w6aRk | No Me Quiero Casar |
| http://www.youtube.com/watch?v=oIs_pw5tSTE | Safaera |
| http://www.youtube.com/watch?v=pOkK8PrGb8k | Efecto |

17.     Each of the Unauthorized Bootlegs posted on the MADforliveMUSIC YouTube channel prominently included the BAD BUNNY mark in the video's title.

18.     By posting the Unauthorized Bootlegs to his YouTube channel, Garrone (potentially in concert with the Doe Defendants) distributed, transmitted, or otherwise communicated to the public the sounds and images of Ocasio's live musical performances of the Bad Bunny Works by making them freely available to the public.

19.     The Unauthorized Bootlegs do not qualify as fair use because, among other reasons, they are direct recordings without any transformative nature or purpose.

20.     Neither Ocasio nor any person or entity acting on his behalf authorized or consented to the distribution, transmission, and/or communication of the Unauthorized Bootlegs, on the MADforliveMUSIC YouTube channel or anywhere else.

21.     Each of the Unauthorized Bootlegs, both individually and collectively, negatively impacts the market for authorized uses of the Bad Bunny Works by, among other things, luring YouTube viewers and associated advertising revenue away from authorized videos of the Bad Bunny Works and the official Bad Bunny YouTube channel, and towards the Unauthorized Bootlegs (and the MADforliveMUSIC YouTube channel).

22.     Without using the BAD BUNNY mark in the titles of the Unauthorized Bootlegs, Defendants would not have been able to draw viewers away from authorized videos of the Bad

Bunny Works and the official Bad Bunny YouTube account, and towards the Unauthorized Bootlegs (and the MADforliveMUSIC YouTube channel).

23.     Ocasio authorized the issuance of takedown notices under the Digital Millennium Copyright Act ("**DMCA**") demanding that YouTube remove the Unauthorized Bootlegs. YouTube responded by removing the videos and giving notice to Garrone.

24.     After YouTube removed the infringing Unauthorized Bootlegs, Garrone submitted a counter notification contesting YouTube's removal of the Unauthorized Bootlegs. A relevant excerpt of Garrone's counter notification is attached hereto as **Exhibit A**. A true and correct translation of Garrone's counter notification is attached hereto as **Exhibit B**.

25.     Following its receipt of Garrone's counter notification, YouTube informed Ocasio (by way of Ocasio's representatives) that it would repost the Unauthorized Bootlegs no later than March 8, 2024, unless a lawsuit was filed seeking injunctive relief preventing Garrone's continued infringements. This lawsuit followed.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement, 17 U.S.C. §§ 106, 501)**

**(Against All Defendants)**

26.     Ocasio realleges and incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Ocasio is an author and owner each of the Bad Bunny Works, which are copyrightable works under the Copyright Act, 17 U.S.C. §§ 101 et seq.

28.     The copyrights to each of the Bad Bunny Works have been registered to Ocasio with the United States Copyright Office.

29.     Defendants had access to the Bad Bunny Works when Ocasio performed those works live on February 21, 2024, and Garrone recorded those performances. Defendants infringed Ocasio's copyrights by copying, reproducing, distributing, and publishing substantial portions of the Bad Bunny Works in videos that Garrone recorded (i.e., the Unauthorized Bootlegs) and posted on the MADforliveMUSIC YouTube channel—and possibly other platforms—without

license, authorization, permission, or consent from Ocasio, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

30.     Defendants' acts of infringement were willful, intentional, and purposeful, and in blatant disregard of Ocasio's rights.

31.     As a result of Defendants' willful copyright infringement, Ocasio has suffered damages in an amount to be established at trial.

32.     As a direct and proximate result of Defendants' willful infringements, Ocasio is entitled to maximum statutory damages of $150,000 for each registered work infringed, or actual damages and Defendants' profits in amounts to be proven at trial, and/or such other amounts as may be proper under 17 U.S.C. § 504(c).

33.     Ocasio is entitled to recover his attorney's fees and costs under 17 U.S.C. § 505.

34.     Defendants have objected to the removal of the Unauthorized Bootlegs from YouTube, refused to agree not to re-post the Unauthorized Bootlegs, and requested that YouTube reinstate the Unauthorized Bootlegs on the MADforliveMUSIC YouTube channel. *E.g.*, Ex. B. As a result, Ocasio has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe Ocasio's rights in the Bad Bunny Works and in other works belonging to Ocasio. Ocasio is therefore entitled to injunctive relief to enjoin Defendants' ongoing and future infringement.

## SECOND CAUSE OF ACTION

### (Violation of Anti-Bootlegging Statute, 17 U.S.C. § 1101)

### (Against All Defendants)

35.     Ocasio realleges and incorporates by reference the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     The Unauthorized Bootlegs contain live musical performances by Ocasio made without Ocasio's knowledge or consent.

37.     Defendants fixed the sounds and images of Ocasio's live musical performance in a tangible medium by recording the Unauthorized Bootlegs.

-7-

38.     Defendants transmitted, distributed, and communicated the Unauthorized Bootlegs to the public by posting them the MADforliveMUSIC YouTube channel.

39.     Defendants' actions violate the anti-bootlegging statute, 17 U.S.C. § 1101.

40.     As a result of Defendants' violation of the anti-bootlegging statute, Ocasio is entitled to injunctive relief under 17 U.S.C. § 502, impoundment of all copies of the Unauthorized Bootlegs under 17 U.S.C. § 503(a)(1)(A), damages under17 U.S.C. § 504, and an award of his attorneys' fees and costs under 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION

**(Unfair Competition and False Endorsement, 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

41.     Ocasio repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     Ocasio is the owner of the Bad Bunny Registration, which is prima facie evidence of Ocasio's ownership and right to use the valuable and protectable BAD BUNNY mark in and in connection with musical compositions, production of musical sound recordings, and live and filmed performances.

43.     Ocasio's exclusive rights in and to the BAD BUNNY mark predates any rights that Defendants could establish in and to any mark that consists of BAD BUNNY in whole or in part.

44.     The BAD BUNNY mark is inherently distinctive.

45.     The BAD BUNNY mark has acquired distinctiveness.

46.     Defendants are using the BAD BUNNY mark to title, promote, and advertise the Unauthorized Bootlegs and the MADforliveMUSIC YouTube channel.

47.     Defendants' Unauthorized Bootlegs and MADforliveMUSIC YouTube channel appeal to overlapping customer bases, namely, consumers of music and music videos, and particularly those searching for and fans of Ocasio's music and performances.

48.     Consumers encounter Ocasio's authorized products and services in overlapping and, in many cases, identical, trade channels.

49.     Defendants use the BAD BUNNY mark to title, promote, and advertise the Unauthorized Bootlegs and the MADforliveMUSIC YouTube channel. This use is likely to cause confusion, mistake, or deception as to (i) Ocasio's affiliation, connection, or association with Defendants; (ii) the origin of the Unauthorized Bootlegs and the MADforliveMUSIC YouTube channel; and/or (iii) Ocasio's sponsorship and/or approval of the Unauthorized Bootlegs and the MADforliveMUSIC YouTube channel.

50.     Ocasio has not authorized Defendants to use the BAD BUNNY mark in connection with any good or service, including but not limited to the Unauthorized Bootlegs or the MADforliveMUSIC YouTube channel.

51.     Defendants committed the acts of unfair competition alleged herein with the intent to cause confusion, mistake, or deception, and to trade on the extensive consumer goodwill, reputation, and commercial success of Ocasio's goods and services.

52.     Defendants' unauthorized use of the BAD BUNNY mark as set forth herein violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

53.     As a direct and proximate result of Defendants' infringing activities, Ocasio has suffered substantial damage and is entitled to damages, disgorgement of Defendants' profits earned on infringing products, and injunctive relief under 15 U.S.C. § 1115(a).

54.     Defendants' unfair competition is an exceptional case and was intentional, entitling Ocasio to treble his actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

55.     Ocasio has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe Ocasio's rights in the BAD BUNNY mark. Ocasio is therefore entitled to injunctive relief to enjoin Defendants' ongoing and future use of the BAD BUNNY mark.

COMPLAINT

## **PRAYER**

WHEREFORE, Plaintiff Benito Antonio Martinez Ocasio requests that the Court enter judgment in its favor and against Defendant Eric Guillermo Madronal Garrone and Does 1–25, with an award of the following relief:

1.    A temporary, preliminary, and permanent injunction enjoining Defendants, and any and all other persons and entities acting in concert with them, from reproducing or distributing the Bad Bunny Works (as embodied in the Unauthorized Bootlegs or otherwise) or any other musical composition authored by Ocasio;

2.    A preliminary and permanent injunction enjoining Defendants, and any and all other persons and entities acting in concert with them, from directly or indirectly violating Ocasio's rights in the BAD BUNNY mark.

3.    An award of maximum statutory damages of $150,000 per registered Bad Bunny Work as permitted by 17 U.S.C. § 504(c), or, in the alternative, Ocasio's actual damages plus Defendants' profits from infringement, in an amount to be proven at trial as permitted by 17 U.S.C. § 504(b), and such further damages as permitted by applicable law;

4.    An award of Ocasio's costs, including reasonable attorney's fees, as permitted by 17 U.S.C. §§ 505 and/or 1203(b) and 15 U.S.C. § 1117(a);

5.    An order directing impoundment of all copies of the Unauthorized Bootlegs, as permitted by 17 U.S.C. § 503(a)(1)(A);

/ / /
/ / /

COMPLAINT

6.      An accounting and award of (1) Defendants' profits; (2) any damages sustained by Ocasio; and (3) the costs of this action, as permitted by 15 U.S.C. § 1117(a); and

7.      Any other relief that this Court deems just and proper.

Dated:  March 8, 2024                             **JASSY VICK CAROLAN LLP**


_____

**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
JEFFREY A. PAYNE, Cal. Bar No. 279034
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Telephone:    310-870-7048
Facsimile:     310-870-7010

Attorneys for Plaintiff
Benito Antonio Martinez Ocasio p/k/a
Bad Bunny


## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury for all claims, causes of action and issues so triable.

Dated:  March 8, 2024                             **JASSY VICK CAROLAN LLP**


_____
Jeffrey A. Payne
Attorney for Plaintiff Benito Antonio
Martinez Ocasio p/k/aBad Bunny

COMPLAINT